IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 1, 2020

**IN RE ALLIE-MAE K., ET AL.**

**Appeal from the Juvenile Court for Hickman County**
**No. 19-JV-169        Amy Cook Puckett, Judge**

_____

**No. M2020-00215-COA-R3-PT**
_____

KRISTI M. DAVIS, J., concurring in part.

        While I concur with the end result reached by the majority in this case, I write separately to note my disagreement with the the majority's suggestion that the split of authority surrounding *In re Amynn K.*, No. E2017-01866-COA-R3-PT, 2018 WL 3058280 (Tenn. Ct. App. June 20, 2018) and *In re Ayden S.*, No. M2017-01185-COA-R3-PT, 2018 WL 2447044 (Tenn. Ct. App. May 31, 2018), has been fully resolved in favor of *In re Amynn K. See, e.g.*, *In re Allyson P.*, No. E2019-01606-COA-R3-PT, 2020 WL 3317318, at *9 (Tenn. Ct. App. June 17, 2020) (following *In re Ayden S.* and reversing the trial court's decision to terminate a mother's parental rights based upon this ground when the proof showed that mother was unable to assume custody of her child but was not unwilling). As I perceive it, this split remains clear and irreconcilable.

        It is unnecessary, however, to expound further on this issue because in this particular case, Mother's actions clearly demonstrate both an unwillingness and an inability to assume legal and physical custody of the children. Consequently, Tennessee Code Annotated section 36-1-113(g)(14) is satisfied under either the *Amynn K.* or the *Ayden S.* standard. *See In re Katrina S.*, No. E2019-02015-COA-R3-PT, 2020 WL 5269236, at *8 (Tenn. Ct. App. Sept. 3, 2020) (concluding that the parent at issue manifested neither the ability nor the willingness to assume custody of the child); *In re Jaxx M.*, No. E2018-01041-COA-R3-PT, 2019 WL 1753054, at *9 (Tenn. Ct. App. Apr. 17, 2019) (same); *In re Colton B.*, No. M2018-01053-COA-R3-PT, 2018 WL 5415921, at *10 (Tenn. Ct. App. Oct. 29, 2018) (same). Accordingly, I agree with the majority that Mother's parental rights should be terminated pursuant to section 36-1-113(g)(14). I also agree that termination is in the best interests of the children.

_____

KRISTI M. DAVIS, JUDGE